## WILSON v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO.*

### S. F. No. 2618; June 28, 1901.

#### 65 Pac. 575.

Criminal Law.—Where on Appeal an Order of the Police Court denying petitioner a new trial was reversed, and a new trial had in the superior court, resulting in a conviction, as to the appeal from the order denying the new trial there was a finality as to petitioner's rights.

Criminal Law.—Defendant, Being Convicted in Police Court, appealed to the superior court from an order denying a new trial, which order was reversed, and on new trial in the superior court

*For opinion on petition for rehearing, see post, p. 766, 65 Pac. 1027.

defendant was convicted. Thereafter the superior court, by mistake, owing to the papers on appeal bearing a different number, rendered a decision reversing the judgment of the police court. On the attention of the court being called thereto, it set aside the order wherein the judgment was reversed. Held, that the judgment rendered on appeal reversing the order denying a new trial, and the conviction of appellant on such new trial in the superior court, was final, and there was, therefore, in fact no appeal in the case pending, in which the second judgment was rendered reversing the judgment below.

Petition by Herbert E. Wilson for a writ of mandamus against the superior court of the city and county of San Francisco. Denied.

George D. Collins for petitioner; Lewis F. Byington for respondent.

GAROUTTE, J.—The petitioner prays for a writ of mandate against the superior court of the city and county of San Francisco, asking that an order be made directing that court to try him upon a certain criminal charge therein alleged to be pending against him. The petitioner further asks that, if such relief be not granted, then that the court be ordered to hear and determine an alleged pending appeal taken by him from a judgment rendered against him in the police court.

As to the first branch of relief prayed for, we see no merit in the claims of petitioner, for by the record the facts appear to be that he appealed to the superior court from an order made by the police court denying his motion for a new trial, and upon the hearing of that appeal he was granted a new trial in the superior court. That trial has been had, and his conviction resulted. As far as the appeal of petitioner from the order denying his motion for a new trial is concerned, this would seem to be a finality of his rights.

Laying aside any question as to the appeal above considered, and the substantial legal results following therefrom, if there be any, the court will proceed to consider the remaining branch of the case, involving the appeal from the judgment. An appeal was taken by the petitioner from the judgment of the police court. That appeal was heard and submitted, and thereafter decided by the superior court. By that decision the judgment of the police court was affirmed September 7, 1900. The appeal decided upon said

day was the only appeal ever taken from the judgment rendered by the police court against petitioner. Thereafter, upon December 21, 1900, the superior court, by mistake, owing to the papers upon appeal at this time bearing a different number from that entered upon them at the time the appeal was decided upon, September 7th, rendered a decision reversing the judgment given by the police court. Upon December 26th, the attention of the superior court being called to its mistake, it set aside the order of December 21st, wherein the judgment was reversed. As before suggested, there was but one appeal taken by petitioner from the judgment of the police court. That appeal was disposed of by the judgment of the superior court rendered September 7, 1900. At the time the judgment was rendered by the superior court, December 21, 1900, there was no appeal in the case pending before that court, and the whole proceeding relating to the reversal of the judgment at that time was null and void. The mere numbering of the papers with different numbers in no way affects the question before the court. These different numbers upon the papers, in conjunction with the fact that the court in bank at these various times was made up of different departments, undoubtedly led to the complications and mistakes here indicated. That is the only result following therefrom. The court took jurisdiction of the appeal from the judgment when it ordered it submitted upon briefs thereafter to be filed; and by deciding the appeal upon September 7, 1900, it exercised that jurisdiction over it which it had already assumed. We see no sound reason why the judgment rendered at that time may be declared void, even conceding that mandate would run to compel a trial or hearing, when there had already been a hearing which resulted in a void judgment. It follows, from what has been said, that there is no merit in this application. Petitioner is neither entitled to a trial, nor entitled to have the appeal which he took from the judgment of the police court now heard. That appeal has once been heard and determined against him, and his rights thereunder are foreclosed. For the foregoing reason the application for the writ is denied.

We concur: Van Dyke, J.; McFarland, J.; Temple, J.; Henshaw, J.